STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael J. AUKES, Defendant-Appellant.†

Court of Appeals

*No. 94–0811–CR. Submitted on briefs January 18, 1995.—Decided March 1, 1995.*

(Also reported in 531 N.W.2d 382.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert P. Henak* of *Shellow, Shellow & Glynn, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general and *William L. Gansner*, assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

ANDERSON, P.J. Michael J. Aukes appeals from a judgment of conviction of delivery of cocaine and possession of cocaine with intent to deliver, contrary to §§ 161.41(1)(b) and 161.41(1m)(b), STATS. Because we conclude that the 180-day time limit under § 976.05(3)(a), STATS., applies in this case and that Aukes waived the time limit when he selected the

November 29, 1993 trial date, we affirm. We reverse the circuit court's judgment insofar as it requires Aukes to pay for crime lab fees as part of his criminal sentence.

In 1983, Aukes was charged with one count of delivery of cocaine and one count of possession of cocaine with intent to deliver. Aukes failed to appear for his trial and his whereabouts became unknown. In January of 1992, Aukes was in custody in Colorado serving a sentence for criminal activity in that state.

Pursuant to the Interstate Agreement on Detainers (IAD), a detainer was first lodged against Aukes from the State of Wisconsin on February 3, 1992, while he was in Colorado. On February 26, 1992, Aukes signed a request for final disposition of detainer under article III of the IAD. His request was received by Wisconsin authorities on March 6, 1992. During that same time, the State was making arrangements for a request for temporary custody under article IV. The State sent the request which was received by the Colorado authorities on March 5, 1992. Aukes was eventually returned to Wisconsin on April 18, 1992. Under article IV, a pretransfer hearing is required if a defendant is being brought back to Wisconsin. No such hearing was held in this case.

In July of 1992, the trial court granted Aukes's motion to suppress evidence. The State appealed and on August 18, 1992, the trial court granted the State's motion for a stay pending appeal of the order.[1] The supreme court summarily vacated the trial court's order and remanded for further proceedings. Remitti-

---

[1] At that time, the court also denied Aukes's motion to dismiss the charges against him because of violation of the speedy trial provisions of the IAD.

tur wás filed in the circuit court on October 7, 1993. Trial was set for November 29, 1993.

Aukes was convicted of delivery of cocaine and possession of cocaine with intent to deliver on November 29, 1993. As part of his sentence, the court required him to pay crime lab fees. Aukes appeals from the judgment of conviction.

Whether the 120-day time limit of § 976.05(4)(c), STATS., or the 180-day time limit of § 976.05(3)(a) of the IAD applies in this case requires the application of a statute to undisputed facts. This is a question of law which we review de novo. *See Georgina G. v. Terry M.*, 184 Wis. 2d 492, 507, 516 N.W.2d 678, 681-82 (1994).

Aukes argues that the trial court erred when it denied his motion to dismiss pursuant to the IAD. His argument is twofold. First, he contends that the 120-day time limit under article IV of the IAD applies to this case instead of the 180-day provision under article III. He asserts that the State's written request for temporary custody or availability initiated the procedures under article IV. Aukes states, "Because procedures under article IV were initiated first, the time periods under that article control."

Under article III, § 976.05(3)(a), STATS., a prisoner in one state may request a final disposition of charges against him or her in another state. Section 976.05(3)(a) provides in relevant part:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, the

prisoner shall be brought to trial within 180 days after the prisoner has caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his or her imprisonment and his or her request for a final disposition to be made of the indictment, information or complaint, but for good cause shown in open court, the prisoner or the prisoner's counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

Under article IV, an officer of the jurisdiction in which an untried indictment, information or complaint is pending shall be entitled to have a prisoner in another state made available. Section 976.05(4)(a). Article IV, § 976.05(4)(c), provides:

In respect to any proceeding made possible by this subsection, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or the prisoner's counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

In the present case, the State lodged a detainer against Aukes on February 3, 1992. On February 26, 1992, Aukes signed a request for final disposition of detainer under article III of the IAD which was received by officials in Wisconsin on March 6, 1992. During that time, the State sent a request for temporary custody to the Colorado authorities under article IV which was received in Colorado on March 5, 1992.

We conclude that the 180-day time limit under article III of the IAD applies to this situation. Aukes began the process under article III of the IAD by

requesting final disposition of detainer.[2] Concurrently, the State began its attempts to have him involuntarily returned to Wisconsin. We conclude that the State abandoned its attempts for an involuntary return and that Aukes returned to Wisconsin under the auspices of article III of the IAD. Our conclusion is further supported by the parties conceding that Colorado never conducted a pretransfer hearing which is normally required when there is an involuntary return of a defendant to Wisconsin. Because Aukes chose to volunteer to have charges disposed of in Wisconsin, he cannot now argue that he is here under article IV of the IAD.

Secondly, Aukes argues that regardless of what time limit applies in this case, the State failed to bring him to trial within either time period. Aukes states that he was not tried "until November 29, 1993, 633 days after Wisconsin received his request for speedy disposition and 590 days after he was returned to Wisconsin."

We conclude that although the 180-day time limit would have expired in September of 1992, the time during which the trial court properly granted a stay of the proceedings so the State could appeal the court's suppression of evidence is not to be included in any

---

[2] In *State v. Whittemore*, 166 Wis. 2d 127, 133-34, 479 N.W.2d 566, 569-70 (Ct. App. 1991), we held that the 180-day time limit begins running on the date that the demanding state receives the prisoner's request for final disposition. However, *Whittemore* is not applicable in this case. The issue here is not when the time periods commenced, but whether Aukes clearly indicated his desire to be returned to Wisconsin and the circumstances surrounding this request.

counting of time limits.[3] Therefore, all of the time that the State was granted until remittitur by the supreme court is excluded. We are satisfied that once remittitur occurred and the trial court received the record on October 7, 1993, the court immediately conducted the suppression hearing required by the supreme court's summary order. We further conclude that good cause was shown for the trial court's grant of a continuance which tolled the time limit and that the continuance was necessary and reasonable. *See* § 976.05(3)(a), STATS.

After having checked with the judge's calendar clerk, defense counsel initially selected the trial date of November 29—a date outside of the time limits. During proceedings held on October 8, 1993, defense counsel stated, "[T]hen I was here on another matter and sat down with the clerk and tried to find a block of time of two to four hours so we could do what has to be done for a trial and this was, the November 29th date, was the earliest that we could come up with." Additionally, defense counsel stated, "[T]here may be some additional motions but those will be easily resolved if we go on November 29th." No objection was made to the November 29 date. This constituted a waiver of the 180-day time limit. *See State v. Brown*, 118 Wis. 2d 377, 386, 348 N.W.2d 593, 598 (Ct. App. 1984). We hold that waiver under the IAD can be by conduct and does not require an express personal waiver on the record. · *See id.*

Lastly, Aukes argues that because he was sentenced to straight prison time with no probation, the

---

[3] We use the term "stay" and "continuance" interchangeably for the purposes of this appeal.

345

trial court could not legally require him to pay for crime lab fees as part of his sentence. The State concedes that the trial court was without authority to order crime lab fees to be paid as part of a criminal sentence. *See State v. Evans*, 181 Wis. 2d 978, 979-80, 512 N.W.2d 259, 259 (Ct. App. 1994). We agree and reverse the judgment on this point only.

*By the Court.*—Judgment affirmed in part and reversed in part.