State of Wisconsin, Plaintiff-Appellant-Cross-Respondent,
v.
Kendrick C. East III, Defendant-Respondent-Cross-Appellant.
No. 03-0977-CR.
Court of Appeals of Wisconsin.
Opinion Filed: February 26, 2004.
Before Deininger, P.J., Dykman and Higginbotham, JJ.
¶1. PER CURIAM.
The State appeals an order dismissing its criminal action against Kendrick East following East's conviction. East cross-appeals the prior judgment of conviction and order denying his motion for a new trial. Because we conclude that the trial court properly dismissed the action without prejudice for noncompliance with the Intrastate Detainer Act, we affirm without reaching the issues raised on the cross-appeal.

BACKGROUND
¶2. The State charged East with battery by a prisoner as a repeat offender on January 24, 2001. On March 28, 2001, East filed a request for prompt disposition, pursuant to Wis. Stat. § 971.11 (2001-02)[1] of the Intrastate Detainer Act. The Dodge County District Attorney received the request on April 9, 2001. At East's arraignment on May 7, 2001, defense counsel informed the court that "we're willing to waive the intrastate detainer if we can receive our 90-day speedy trial request." The State indicated it had no problem with that proposal.
¶3. The matter was tried to a jury on August 8, 2001, 121 days after the prompt disposition request had been received by the District Attorney's Office and 93 days after the speedy trial demand had been made. Defense counsel did not object to the timeliness of the trial. At a postconviction hearing, he testified that he was not sure he was aware at the time of trial that the time limits had passed, and that he had no strategic reason for failing to object.
¶4. After obtaining extensions from this court, East eventually filed a postconviction motion on October 29, 2002, claiming that the case should be dismissed for noncompliance with his prompt disposition request, or in the alternative, that he should be granted a new trial based upon a number of alleged errors at trial. The trial court agreed that the State had violated the Intrastate Detainer Act and dismissed the case without prejudice.

DISCUSSION
¶5. In general, once a request for a prompt disposition is made under the Intrastate Detainer Act, the case "shall be dismissed" if it is not brought to trial within 120 days. Wis. Stat. § 971.11(7). The time limit may be waived in certain circumstances, however, either expressly or by subsequent conduct inconsistent with the request. See State v. Aukes, 192 Wis. 2d 338, 345, 531 N.W.2d 382 (Ct. App. 1995) (discussion on analogous timeline under the Interstate Detainer Act). This court will independently review the application of a statutory deadline to a particular set of facts. Id. at 342. However, if a violation of the Intrastate Detainer Act is found, the trial court has discretion to determine whether the ensuing dismissal should be with or without prejudice. State v. Davis, 2001 WI 136, ¶5, 248 Wis. 2d 986, 637 N.W.2d 62.
¶6. The State does not dispute that East initially made a prompt disposition request under the Intrastate Detainer Act that would have required a trial to be held by August 7, 2001. It claims, however, that the trial court lacked authority to dismiss the case under the Intrastate Detainer Act because the issue was raised for the first time in a postconviction motion and did not have a jurisdictional or constitutional basis. We deem this contention without merit. The limitation of postconviction motions to constitutional or jurisdictional issues applies only to those motions filed under Wis. Stat. § 974.06, after the standard time for raising postconviction motions has expired. In contrast, any issue other than the sufficiency of the evidence which was not previously raised must be raised in a postconviction motion in order to be preserved for appeal. See § 974.02(2); State v. Hayes, 167 Wis. 2d 423, 425-26, 481 N.W.2d 699 (Ct. App. 1992). The postconviction motion in this case was filed pursuant to § 974.02(2) and Wis. Stat. Rule 809.30, and the trial court plainly had the authority to consider and act upon all the issues raised in the motion.
¶7. Assuming the trial court had the authority to dismiss under the Intrastate Detainer Act, the State argues that it nonetheless erred in doing so because East expressly waived his prompt disposition request in favor of a speedy trial demand at the initial appearance. We agree with the trial court, however, that East's waiver of his prompt disposition request at the initial appearance was conditioned upon compliance with his speedy trial demand under Wis. Stat. § 971.10. Since the State also failed to satisfy the 90-day time limit under § 971.10, the condition of the waiver was never fulfilled, and the 120-day time limit remained in effect.
¶8. The State next argues that East waived the 120-day time limit by failing to object to the trial date. It relies upon Aukes for the proposition that a failure to object to a trial date beyond a prompt disposition time limit constitutes a waiver by conduct of that time limit. We briefly note that in Aukes, it was defense counsel who actually selected the trial date, and the State does not point us to any point in the record that would show that defense counsel here explicitly suggested or agreed to the trial date set by a trial court order.
¶9. In any event, our review of the record does not show that the State ever argued this particular ground for waiver to the trial court. Rather, it claimed below that the Intrastate Detainer Act did not apply in the first place, or, in the alternative, that East had expressly waived the time limit at the preliminary hearing. We generally refuse to consider issues raised for the first time on appeal, so that we don't "blindside trial courts with reversals based on theories which did not originate in their forum." Schonscheck v. Paccar, Inc., 2003 WI App 79, ¶¶10-11, 261 Wis. 2d 769, 661 N.W.2d 476 (internal citation omitted). We see no compelling reason to consider the issue of waiver by conduct here when the trial court, which was in a better position to know the extent to which East may have participated in setting the trial date, was not first given the opportunity to consider the issue.
¶10. We conclude the trial court properly determined based on the facts and arguments before it that the State violated East's right to a prompt disposition under the Intrastate Detainer Act. Since the parties offer no argument as to whether the dismissal should have been with or without prejudice, we do not address that issue. Accordingly, we affirm the order of the trial court dismissing the action without prejudice. Our affirmance on appeal renders East's challenges to his judgment of conviction and the order denying his motion for a new trial on the cross-appeal moot, and we therefore dismiss the cross-appeal.
By the Court.Order affirmed; cross-appeal dismissed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.