STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael A. PETERSON, Defendant-Appellant.

Court of Appeals

*No. 91-0142-CR. Submitted on briefs May 29, 1991.—Decided June 18, 1991.*

(Also reported in 472 N.W.2d 571.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Keith A. Findley,* assistant state public defender, of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Paul Lundsten,* assistant attorney general, of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Michael Peterson appeals a judgment of conviction for one count of delivery of a controlled substance in violation of sec. 161.41(1)(h), Stats. Peterson contests that portion of his sentence requiring him to pay $200 restitution to the Shawano County Sheriff's Department for costs incurred by the department in investigating and arresting Peterson. Peterson contends that no statute authorizes the imposition of such costs. Because the statute does not authorize the imposition of costs for general unspecified investigative expenses by the sheriff's department and because the court could not

validly assess the costs as a condition of probation, we reverse that portion of the sentence awarding such costs.

Peterson pleaded no contest to delivering $30 worth of marijuana to an undercover law enforcement officer. The court placed Peterson on probation for three years, with nine months in jail as a condition of probation. The court also imposed various costs, including $230 restitution to the sheriff's department—$30 for the drug "buy money" and $200 for expenses incurred in connection with the arrest and investigation of Peterson. The court based this restitution amount on the prosecutor's estimate that the department spent approximately $200 by using an electronic wire surveillance device and monitoring the conversations transmitted by that device.

■■

The only issue raised on appeal is whether the court had authority to order Peterson to pay general and unspecified law enforcement expenses relating to his arrest that did not involve specific expenditures or disbursements.[1] This issue requires an examination of the provisions of sec. 973.06 and 973.09, Stats. The interpretation of a statute presents a question of law that we review without deference to the trial court's interpretation. *State v. Nordness,* 128 Wis. 2d 15, 24, 381 N.W.2d 300, 304 (1986).

Section 973.06, Stats., provides as follows:

> (1) The costs taxable against the defendant shall consist of the following items and no others:
> (a) The necessary disbursements and fees of officers allowed by law and incurred in connection with the arrest, preliminary examination and trial of the defendant, including, in the discretion of the court, the fees and disbursements of the agent

---

[1] Peterson does not contest the appropriateness of reimbursing the department for the "buy money."

appointed to return a defendant from another state or country.

(b) Fees and travel allowance of witnesses for the state at the preliminary examination and the trial.

(c) Fees and disbursements allowed by the court to expert witnesses. Section 814.04(2) shall not apply in criminal cases.

(d) Fees and travel allowance of witnesses for the defense incurred by the county at the request of the defendant, at the preliminary hearing and the trial.

(e) Attorney fees payable to the defense attorney by the county or the state. If the court determines at the time of sentencing that the defendant's financial circumstances are changed, the court may adjust the amount in accordance with s. 977.07(1)(a) and (2)(a).

(f) An amount determined by the court to make a reasonable contribution to a crime prevention organization, if the court determines that the person has the financial ability to make the contribution and the contribution is appropriate.

(g) An amount equal to 10% of any restitution ordered under s. 973.20, payable to the county treasurer for use by the county.

(2) The court may remit the taxable costs, in whole or in part.

(3) If the court orders payment of restitution, collection of costs shall be as provided under s. 973.20.

The primary source for statutory construction is the language of the statute itself. *State ex rel. Smith v. City of Oak Creek,* 139 Wis. 2d 788, 795, 407 N.W.2d 901, 904 (1987). Common usage of words may be established by definitions contained in a recognized dictionary. *Id.* The

clear and unambiguous language of this statute provides for the taxation of costs against the defendant only if the costs fit within one of the categories enumerated in the statute. Costs the state incurs through necessary disbursements and fees made in the arrest or prosecution of the defendant may be assessed against the defendant. A fee is "a fixed charge" (e.g., for a professional service), *Webster's Third New International Dictionary* 833 (1976), and disbursement means "funds paid out." *Id.* at 644. Both terms contemplate the payment of funds to another. Neither term encompasses general internal operating expenses. In this case, however, the court assessed costs representing not specific disbursements made by the state in arresting and prosecuting Peterson but general reimbursement for routine law enforcement investigative activities. While law enforcement departments expend money in the investigation of criminal offenses and in discharging other responsibilities that our society assigns to law enforcement officers, the statute does not authorize imposition of these expenses on the defendant.

The state suggests that the assessment of costs made by the court may be justified by the provisions of sec. 973.09, Stats., which provides:

> (1)(a) Except as provided in par. (c) or if probation is prohibited for a particular offense by statute, if a person is convicted of a crime, the court, by order, may withhold sentence or impose sentence under s. 973.15 and stay its execution, and in either case place the person on probation to the department for a stated period, stating in the order the reasons therefor. The court may impose any conditions which appear to be reasonable and appropriate. The period of probation may be made consecutive to a sentence on a different charge, whether imposed at

the same time or previously. If the court imposes an increased term of probation, as authorized under sub. (2)(a)2 or (b)2, it shall place its reasons for doing so on the record.

(b) If the court places the person on probation, the court shall order the person to pay restitution under s. 973.20, unless the court finds there is substantial reason not to order restitution as a condition of probation. If the court does not require restitution to be paid to a victim, the court shall state its reason on the record. If the court does require restitution, it shall notify the department of justice of its decision if the victim may be eligible for compensation under ch. 949.

(c) When a person is convicted of any crime which is punishable by life imprisonment, the court shall not place the person on probation.

The state argues that the court may impose any reasonable condition that it deems appropriate as a condition of probation. Because Peterson was placed on probation for three years, the state contends that the imposition of these costs is a reasonable condition of his probation. This court has previously rejected this argument. *See State v. Amato*, 126 Wis. 2d 212, 215–16, 376 N.W.2d 75, 77 (Ct. App. 1985). In that case, this court rejected the provision of a judgment of conviction requiring the defendant to pay one-half of the cost of a special prosecutor. Because the special prosecutor fees were not among the allowable costs detailed in sec. 973.06, Stats., they were prohibited. This court then rejected the state's argument that the imposition of this cost was permissible as a condition of probation. *Amato*, 126 Wis. 2d at 215–16, 376 N.W.2d at 77. Such a holding would render sec. 973.06 meaningless by permitting as a condition of probation that which sec. 973.06 expressly prohibits.

Statutes should be construed such that both will be operative, rather than such that 'one will be impliedly repealed. *Amato,* 126 Wis. 2d at 216, 376 N.W.2d at 77.

*By the Court.*—Judgment reversed and cause remanded with directions.