STATE of Wisconsin, Plaintiff-Respondent,

v.

Quincy FERGUSON, Defendant-Appellant-Petitioner.

Supreme Court

*No. 94–2639–CR. Oral argument May 31, 1996.—Decided June 26, 1996.*

(Also reported in 549 N.W.2d 718.)

For the defendant-appellant-petitioner there was a brief and oral argument by *Marla J. Stephens*, first assistant state public defender.

For the plaintiff-respondent there was a brief by *James M. Freimuth*, assistant attorney general, and *James E. Doyle,* attorney general, with oral argument by *Warren Weinstein*, assistant attorney general.

SHIRLEY S. ABRAHAMSON, J. This is a review of a published decision of the court of appeals, *State v. Ferguson*, 195 Wis. 2d 174, 536 N.W.2d 116 (Ct. App. 1995), affirming an order of the Circuit Court for Milwaukee County, Lee E. Wells, Judge. The circuit court convicted Quincy Ferguson (the defendant) of possession of cocaine base with intent to deliver, while armed, within 1000 feet of a park; possession of THC (mari-

juana) with intent to deliver, while armed; and bail jumping. The defendant contests that portion of his sentence requiring that he pay $105 to the State Crime Laboratory for testing related to the controlled substances found in his possession.

The sole issue presented for our review is the validity of the circuit court order requiring the defendant to pay State Crime Laboratory expenses as an item of costs under Wis. Stat. § 973.06(1)(c). We hold that Wis. Stat. § 973.06(1)(c) does not authorize the assessment of lab expenses against the defendant for testing controlled substances found in his possession. We therefore reverse the decision of the court of appeals and remand the cause to the circuit court.

## I.

For the purposes of this review, the facts are not in dispute. The defendant's three convictions grew out of charges that on July 28, 1993, the Milwaukee police found "30 corner cut bags" of crack cocaine, 6 bags of marijuana and a .32-caliber revolver under the front seat of his car, which was parked within 1000 feet of Washington Park in Milwaukee. The defendant was out on bond in another criminal case at the time.

Following a two-day bench trial in October 1993, the circuit court found the defendant guilty on three of the four counts with which he had been charged, as stated above.[1] The circuit court sentenced the defendant to a three-year prison term without parole on the cocaine base charge, a one-year concurrent term on the marijuana charge, and a 49-day concurrent term, reflecting time already served, on the bail jumping

---

[1] A fourth count, charging the defendant with the failure to pay a controlled substance tax, was dismissed.

charge. In relation to the cocaine base charge, the circuit court also imposed a $1000 fine, suspended the defendant's driver's license for six months, ordered that $615 (the cash found on the defendant when he was arrested) be given to the DARE program of the Milwaukee Metropolitan Drug Enforcement Unit, and required the defendant to pay "costs, assessments and surcharges and restitution" as a condition of his sentence. At sentencing the prosecutor specifically asked for "restitution of $105 to the state crime lab."

Alleging that the lab expenses could not be assessed either as restitution or as costs under Wis. Stat. § 973.06, the defendant filed a post-conviction motion pursuant to Wis. Stat. § (Rule) 809.30 seeking to vacate that part of his sentence holding him responsible for paying $105 to the State Crime Laboratory. At the defendant's post-conviction motion hearing, the circuit court denied the defendant's motion, reasoning that the payment of the $105 was sustainable either under Wis. Stat. § 973.06(1)(c) or as an exercise of the court's inherent power to impose conditions of a prison sentence. At the post-conviction hearing, the circuit court explained its reliance on Wis. Stat. § 973.06(1)(c) as follows:

> Wis. Stat. § 973.06(1)(c) which deals with disbursements for expert witnesses would include the costs of testing those materials by the State Crime Laboratory. They have to do this in this case. They have to be prepared to come into court and testify to that extent, that that kind of, if you want, time allocation and cost is something that should be reimbursable to that expert. You don't just bring that expert in and say, now, what do you think from looking at that substance. They would have to actually perform this test; and so, the Court, if they hadn't

performed the test, would have required them to complete this test, and I think that they're entitled to be reimbursed for cost of completing that test. It's a standardized cost in most cases.

The defendant appealed the circuit court's order and the court of appeals affirmed, relying on Wis. Stat. § 973.06(1)(c). The defendant then petitioned the court for review.

## II.

■

We turn now to the question of whether the defendant could be assessed lab expenses as costs under Wis. Stat. § 973.06(1)(c). Interpretation of a statute is a matter of law which we review *de novo,* benefitting from the analyses of the circuit court and the court of appeals. *Wisconsin Patients Comp. Fund v. Wisconsin Health Care Liab. Ins. Plan*, 200 Wis. 2d 599, 547 N.W.2d 578 (1996); *Waste Mgmt. v. Kenosha Co. Rev. Bd.*, 184 Wis. 2d 541, 554, 516 N.W.2d 695 (1994).

The pertinent statute, Wis. Stat. § 973.06 (1993-94),[2] limits the costs taxable against a defendant to those set forth therein. It provides as follows:

**973.06 Costs. (1)** Except as provided in s.93.20, the costs taxable against the defendant shall consist of the following items and no others:

(a) The necessary disbursements and fees of officers allowed by law and incurred in connection with the arrest, preliminary examination and trial of the defendant, including, in the discretion of the court, the fees, and disbursements of the agent appointed to return a defendant from another state or country.

---

[2] Unless otherwise noted, all further references are to the 1993-94 volume of the Wisconsin Statutes.

 (b) Fees and travel allowance of witnesses for the state at the preliminary examination and the trial.

 *(c) Fees and disbursements allowed by the court to expert witnesses. Section 814.04(2) shall not apply in criminal cases.*[3]

 (d) Fees and travel allowance of witnesses for the defense incurred by the county at the request of the defendant, at the preliminary hearing and the trial.

 (e) Attorney fees payable to the defense attorney by the county or the state. If the court determines at the time of sentencing that the defendant's financial circumstances are changed, the court may adjust the amount in accordance with s.977.07(1)(a) and (2)(a).

 (f) An amount determined by the court to make a reasonable contribution to a crime prevention organization, if the court determines that the person has the financial ability to make the contribution and the contribution is appropriate.

 (g) An amount equal to 10% of any restitution ordered under s.973.20, payable to the county treasurer for use by the county.

 (h) The cost of performance of a test under s.968.38, if ordered by the court.

Emphasis added.[4]

By its plain language, then, the costs taxable against a defendant under Wis. Stat. § 973.06(1)(c) are limited to the items enumerated therein. The State argues that the lab expenses fall within Wis. Stat.

---

[3] Wis. Stat. § 814.04(2) provides for witness fees not exceeding $100 for each expert witness who testifies.

[4] The legislature has recently revised Wis. Stat. § 973.06, expanding the number of items that might be assessed against the defendant as costs. *See* 1995 Wis. Act 53. The 1995 Act is not before this court.

§ 973.06(1)(c), which refers to fees and disbursements allowed to expert witnesses. The State has not suggested that the defendant might be taxed costs for the lab expenses under any other statutory provision.

At the outset of the defendant's trial, the prosecutor submitted a witness list including "Gregory Popovich," describing him as "a chemical analyst for the Regional Crime Lab." Popovich was prepared to testify regarding his findings that the substances found in the defendant's possession contained cocaine base and THC (marijuana).[5] Because Popovich was an expert witness, argues the State, the expenses he incurred in analyzing these substances could properly be taxed against the defendant as costs under Wis. Stat. § 973.06(1)(c).

The defendant contends that the expenses incurred by the State Crime Laboratory in testing the controlled substances found in his possession were neither fees nor disbursements as those terms are used in Wis. Stat. § 973.06(1)(c).

In support of his position, the defendant cites *State v. Peterson*, 163 Wis. 2d 800, 804, 472 N.W.2d 571 (Ct. App. 1991). In *Peterson*, the court of appeals held that general and unspecified law enforcement expenses of "approximately $200" incurred by the Shawano County Sheriff's Department while using an electronic wire surveillance device were not among those expenses that might be included under Wis. Stat. § 973.06(1)(a)

---

[5] Because the defense stipulated to Popovich's testimony, he did not testify. The parties dispute whether one who does not testify can be considered an expert witness under Wis. Stat. § 973.06(1)(c). Because we conclude on other grounds that the lab expenses are neither fees nor disbursements as those words are used in Wis. Stat. § 973.06(1)(c), we do not address this issue.

as "disbursements and fees of officers allowed by law." *Peterson*, 163 Wis. 2d at 802. The *Peterson* court reasoned that "[a] fee is 'a fixed charge' (e.g., for a professional service) and disbursement means 'funds paid out.' Both terms contemplate the payment of funds to another. Neither term encompasses general internal operating expenses." *Id.* at 804. The court of appeals concluded that because the "approximately $200" in expenses incurred by the county was neither a fee nor a disbursement, it could not be taxed as costs under Wis. Stat. § 973.06(1)(a). *Id.* "While law enforcement departments expend money in the investigation of criminal offenses and in discharging other responsibilities that our society assigns to law enforcement officers," wrote the court of appeals, "the statute does not authorize imposition of these expenses on the defendant." *Id.*

Analogizing the lab expenses at issue in this case to the sheriff's wiretap expenses at issue in *Peterson*, the defendant argues that the monies spent in conducting lab tests are operating expenses internal to the State Crime Laboratory and are associated with the investigation and prosecution of drug cases. Accordingly the defendant insists that such lab expenses are neither fees nor disbursements allowed to expert witnesses as those terms are used in Wis. Stat. § 973.06(1)(c) and are therefore not costs that can be taxed against him. The defendant is apparently asserting that because the State Crime Laboratory does not bill the district attorney's office, the county or a local law enforcement agency for the expenses of drug analyses, because the Laboratory did not pay out funds to another entity to conduct such analyses, and because the prosecutor did not pay out funds to the Laboratory, the expenses incurred by the Laboratory in conducting

its drug analyses are not fixed charges (fees) or disbursements under § 973.06(1)(c).

The State suggests, however, that the defendant's reading of Wis. Stat. § 973.06(1)(c) assigns the meaning of "monies paid out" to both fees and disbursements. If fees must be monies paid out to another, the State contends, then they are also disbursements and the statute need not have used both terms. Therefore, claims the State, the fact that Wis. Stat. § 973.06(1)(c) refers to "fees and disbursements" suggests that fees must refer to something other than disbursements because a "construction of a statute that would result in any portion of the statute being superfluous should be avoided wherever possible." *Ann M.M. v. Rob S.*, 176 Wis. 2d 673, 680, 500 N.W.2d 649 (1993) (citation omitted).

While we agree with the State that the words "fees" and "disbursements" must be given different meanings, we nevertheless conclude that as used in Wis. Stat. § 973.06(1)(c), fees and disbursements do not include lab expenses. The word "fees" in § 973.06(1)(c) describes a fixed charge for a professional service rendered by an expert witness, a sum which is ordinarily charged to and payable by another. The word "disbursements" in § 973.06(1)(c) describes those incidental and out-of-pocket expenses which an expert witness may incur in the course of providing professional services; again, such out of pocket expenses are ordinarily charged to and payable by another.

In short, the issue for the court is how to characterize the lab expenses at issue in this case under § 973.06(1)(c). Should the lab expenses be characterized as fixed charges for the professional services of an expert witness (fees) or out-of-pocket expenses (disbursements) paid by the State Crime Laboratory in the

course of providing the professional services of an expert witness? Conversely, should the lab expenses be characterized as internal operating expenses of the State Crime Laboratory itself?

In its brief to the court, the State contends that because the lab expenses at issue are fixed, they are fees under Wis. Stat. § 973.06(1)(c).[6] We disagree with the State's argument. The fact that the cost of performing a governmental service can be established (fixed) does not *ipso facto* make the cost of performing that service a fee under Wis. Stat. § 973.06(1)(c). To constitute a fee under § 973.06(1)(c), the cost of performing a service must be more than an internal operating expense of a governmental unit which has been prorated or costed out; it must be chargeable to and payable by another.

The legislature did not intend that the lab expenses be paid by another. As the State pointed out both in its brief and during oral argument before the court, from 1955 to 1969 the State Crime Laboratory was required by statute to estimate the cost of and fix charges for its services, which were then collected annually from local units of government at the rate of fifty percent of the cost of services performed. Wis. Stat. § 165.01(8) (1955-56). From 1969 to 1973, the statute itself fixed these charges. Wis. Stat. § 165.76(3) (1971-72). However, the legislature subsequently

---

[6] Both parties agree that the record leaves unclear how the sum of $105 was determined. The State submits that the State Crime Laboratory has established fixed charges of $30 for marijuana analysis and $75 for cocaine analysis, and the defendant does not dispute this fact. We hold that even assuming *arguendo* that the expenses at issue are "fixed" by the State Crime Laboratory, they are not fees under Wis. Stat. § 973.06(1)(c).

242

repealed this provision, Laws of 1971, ch. 215, § 131. Therefore the State Crime Laboratory no longer bills local units of government for the services that it provides, apparently absorbing the cost of such services as internal operating expenses.

We fail to see how what have become routine operating expenses incurred by the State Crime Laboratory during the course of criminal investigations can now be transformed into fees or disbursements. Those expenses, regardless of whether they are fixed or represent estimates, have not been charged to or paid by another unit of government since 1973. Accordingly, we conclude that the expenses incurred by the State Crime Laboratory in the course of a criminal investigation are not fees or disbursements under Wis. Stat. § 973.06(1)(c), and the State may not assess these lab expenses as costs.

Were we to accept the State's argument that these lab expenses are fees taxable against defendants as costs under § 973.06(1)(c), a whole panoply of expenses for services rendered by expert witnesses who are state employees, including expenses for polygraph tests, blood tests, handwriting analyses, and physical and mental examinations might also be construed as fees and taxed against defendants.

We are not aware that any of these expenses are now being viewed as costs taxable against defendants. Under the State's interpretation of the statute, all of them might be. Neither the language nor the legislative history of Wis. Stat. § 973.06(1)(c) indicates that the legislature intended defendants to bear a pro rata share of the operating expenses of the State Crime Laboratory or any other law enforcement unit. Nor has the legislature indicated that the cost statute allows

the State to recover investigative or litigation expenses. *State v. Amato,* 126 Wis. 2d 212, 215, 375 N.W.2d 75 (Ct. App. 1985) (the imposition of special prosecutor fees as an item of costs under Wis. Stat. § 973.06 "is clearly prohibited"). This court has long held that "in this state costs are regulated exclusively by statute as a matter of legislative discretion." *State ex rel. Korne v. Wolke,* 79 Wis. 2d 22, 24-25, 255 N.W.2d 446 (1977) (quoting *Milwaukee v. Leschke,* 57 Wis. 2d 159, 161, 203 N.W.2d 669 (1973)). The legislature has given no indication that it intended to exercise this discretion to impose the costs sought by the State, and we will not exercise this discretion on the legislature's behalf.

For the reasons set forth, we hold that the expenses of the State Crime Laboratory at issue in this case do not constitute fees or disbursements allowed to an expert witness under Wis. Stat. § 973.06(1)(c). Accordingly we reverse the decision of the court of appeals and remand the cause to the circuit court for proceedings consistent with this opinion.[7]

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded.

---

[7] The defendant attempts to bolster his argument with citations to two recent decisions of the court of appeals that reversed circuit court orders assessing costs against a defendant for lab expenses. *See State v. Aukes,* 192 Wis. 2d 338, 531 N.W.2d 382 (Ct. App. 1995); *State v. Evans,* 181 Wis. 2d 978, 512 N.W.2d 259 (Ct. App. 1994). Because both decisions are primarily concerned with other issues while neither decision offers any analysis regarding the issue before us today, we conclude that they are not persuasive or controlling regarding the interpretation of Wis. Stat. § 973.06(1)(c).