STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael R. BENDER, Defendant-Appellant.†

Court of Appeals

*No. 97–1095–CR. Submitted on briefs August 7, 1997.—Decided September 16, 1997.*

(Also reported in 570 N.W.2d 590.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Chris A. Gramstrup* of Superior.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *James M. Freimuth,* assistant attorney general.

Before Cane, P.J, Myse and Hoover, JJ.

CANE, P.J. Michael R. Bender appeals that part of his judgment of conviction ordering him to reimburse the Washburn County Sheriff's Department for fees it expended transporting the State's primary witness to Bender's trial. The sole issue on appeal is whether the trial court had the authority to order Bender to pay one-half of the travel expenses of the victim of his

crimes. We conclude that the trial court had the statutory authority to make the order under § 973.06, STATS., and therefore affirm.

The underlying facts are not disputed. Bender was sentenced on February 21, 1996, after having been found guilty of first-degree reckless endangerment, party to a crime, and aggravated battery, party to a crime. The victim of Bender's crimes, Nancy Porter, moved from Wisconsin to Florida prior to Bender's jury trial. The Washburn County Sheriff's Department arranged with Transcore America, Inc., to transport Porter from Florida to Wisconsin to testify at Bender's trial. Transcore submitted invoices to the sheriff's department totaling $1,622.25 for its services. At sentencing, the trial court ordered Bender to pay restitution for one-half of the cost of bringing Porter back to Wisconsin from Florida to testify at his trial.[1]

On appeal, Bender asserts the trial court lacked authority under Wisconsin law to order him to pay an amount for travel expenses of a State's witness. He argues that the amount the trial court could order him to pay for Porter's travel expenses under § 973.06(1)(b), STATS., allowing for fees and travel allowance of witnesses for the State at the trial, was limited by the provisions of § 814.67(1)(c), STATS.[2] The State responds that the trial court properly ordered Bender to pay one-

---

[1] Bender was sentenced to two years' imprisonment on the reckless endangerment charge and three years' concurrent imprisonment on the battery charge. He was also ordered to pay one-third of the victim's medical expenses in the amount of $699.64. Bender does not challenge these aspects of his sentence.

[2] Section 814.67(1)(c), STATS., provides that out-of-state witnesses should be paid a fee for traveling at the rate of 20 cents per mile from the point where they cross the state boundary to

half of Porter's travel expenses as restitution to the Washburn County Sheriff's Department under § 973.20(5)(b) and (d), STATS., or, in the alternative, as a cost taxable against the defendant under § 973.06(1)(a), STATS. In reply, Bender argues that the court could not order restitution because the county is not a victim of his crimes as required by § 973.20(1r). Since we conclude the trial court had authority to order the payment under § 973.06, STATS., we do not decide whether the amount was proper under the restitution statute as well.

Whether the trial court had the authority to order payment of this sum is a question of law that we decide without deference to the trial court. *See State v. Schmaling*, 198 Wis. 2d 756, 760, 543 N.W.2d 555, 557 (Ct. App. 1995). The starting point in statutory construction is the plain language of the statute. *State v. Peterson*, 163 Wis. 2d 800, 803, 472 N.W.2d 571, 573 (Ct. App. 1991).

Section 973.06(1), STATS., provides that the costs taxable against the defendant shall consist of the items listed in (a) through (h) and no others.[3] "The clear and

the place of trial and back by the usually traveled route between such points.

[3] Section 973.06(1)(a) and (b), STATS., provides:

(1) Except as provided in s. 93.20, the costs taxable against the defendant shall consist of the following items and no others:

(a) The necessary disbursements and fees of officers allowed by law and incurred in connection with the arrest, preliminary examination and trial of the defendant, including, in the discretion of the court, the fees and disbursements of the agent appointed to return a defendant from another state or country.

(b) Fees and travel allowance of witnesses for the state at the preliminary examination and the trial.

unambiguous language of [§ 973.06] provides for the taxation of costs against the defendant only if the costs fit within one of the categories enumerated in the statute." *Peterson*, 163 Wis. 2d at 803–04, 472 N.W.2d at 573. Bender argues the court lacked authority to order him to pay one-half of Porter's transportation expenses to his trial because § 973.06(1)(b), STATS., is limited by the twenty-cent-per-mile amount in § 814.67(1)(c), STATS. Bender does not address the applicability of § 973.06(1)(a), which allows as a cost "[t]he necessary disbursements and fees of officers allowed by law and incurred in connection with the . . . trial of the defendant."

While the specific question whether expenses for the return of a witness to the jurisdiction to provide trial testimony has not yet been addressed in Wisconsin, the court has examined the nature of fees and disbursements that may be ordered under § 973.06(1)(a), STATS. The court in *Peterson* examined whether costs incurred by the sheriff's department in investigating and arresting the defendant were properly ordered as part of the defendant's sentence, which included a restitution order. In that case, the trial court ordered the defendant to pay restitution to the sheriff's department for expenses incurred in its investigation. The trial court determined that the sheriff's department spent "approximately $200" for electronic wire surveillance and monitoring of the defendant. The appellate court reversed, holding that the trial court's order was not for specific disbursements made in connection with arresting and prosecuting the defendant, but actually represented reimbursement for "routine law enforcement investigative activities." *Id.* at 804, 472 N.W.2d at 573.

342

In Bender's case, the expenses incurred by the sheriff's department were the type of disbursements and fees contemplated in § 973.06(1)(a), STATS. The *Peterson* court reasoned that "[a] fee is 'a fixed charge' (e.g., for a professional service) and disbursement means 'funds paid out.' Both terms contemplate the payment of funds to another." *State v. Ferguson,* 202 Wis. 2d 233, 240, 549 N.W.2d 718, 721 (1996) (quoting *Peterson,* 163 Wis. 2d at 804, 472 N.W.2d at 573). Here, the Washburn County Sheriff's Department made arrangements to have Porter transported from Florida to Wisconsin to give testimony at Bender's trial. The record reflects that Porter was apparently incarcerated in a Marion County, Florida, corrections facility. A writ of habeas corpus *ad testificandum* was issued to the sheriff of Marion County, and arrangements were made with Transcore America, Inc., to have Porter brought to Wisconsin to give testimony at Bender's trial and then returned to Florida. The sheriff's department received two invoices from Transcore totaling $1,622.25 for its services. The reimbursement of one-half of the costs incurred by the sheriff's department to effectuate the attendance of Bender's victim at his trial falls within the costs allowed under § 973.06(1)(a) as a necessary disbursement of officers allowed by law and incurred in connection with the trial of the defendant.

*By the Court.*—Judgment affirmed.