STATE of Wisconsin, Plaintiff-Respondent,

v.

Xavier R. NEAVE, Defendant-Appellant.

Court of Appeals

*No. 97–3486–CR. Submitted on a motion June 4, 1998.—Decided July 1, 1998.*

(Also reported in 585 N.W.2d 169.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Charles Bennett Vetzner*, assistant state public defender, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on a motion for summary reversal of *James M. Freimuth*, assistant attorney general.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

NETTESHEIM, J. The issue in this case is whether the cost of the State Crime Laboratory's analysis of a controlled substance may be imposed as a condition of probation. Because § 973.06(1), STATS.,

does not recognize such expenditure as an allowable taxable cost, we reverse the trial court's postconviction order which rejected Xavier R. Neave's challenge to the condition of probation. We vacate the challenged portion of the judgment.

The facts relevant to the issue on appeal are straightforward. On February 11, 1997, Neave pled guilty to two counts of delivery of cocaine contrary to § 961.41(1)(cm), STATS. On April 9, 1997, the trial court sentenced Neave to four years' imprisonment for the first count and ten years' concurrent probation for the second count. As a condition of probation on the second count, the court ordered Neave to pay $220 for laboratory testing performed by the State Crime Lab in connection with the offenses.

On September 19, 1997, Neave filed a motion for postconviction relief challenging this condition of probation. He relied on *State v. Ferguson*, 202 Wis. 2d 233, 235, 549 N.W.2d 718, 719 (1996), where the supreme court held that "Wis. Stat. § 973.06(1)(c) does not authorize the assessment of lab expenses against the defendant for testing controlled substances found in his possession." The trial court rejected Neave's motion. The court ruled that "1995 Wis. Act 53 § 1, which became effective August 31, 1995, and which created § 973.06(1)(am)1, Stats., confined *Ferguson's* application to pre-existing cases." Neave appeals.

The State confesses error and joins in Neave's request for reversal of the postconviction order and modification of the judgment. Based on that confession, the State previously moved for summary reversal of the postconviction order. However, this court has a responsibility to review the record even when error is confessed. *See Rudolph v. State*, 78 Wis. 2d 435, 447, 254 N.W.2d 471, 476 (1977). Because of this obligation

and because the issue is one of first impression under § 973.06(1)(am), STATS., we reject the State's motion for summary disposition of this case, even though we ultimately agree with the State that the trial court erred.

The trial court imposed the cost of the lab testing as a condition of Neave's probation. The propriety of such an imposition is governed by whether the assessment is recognized as an allowable taxable cost. *See State v. Amato*, 126 Wis. 2d 212, 216, 376 N.W.2d 75, 77 (Ct. App. 1985). Thus, we must determine whether the trial court correctly construed the cost statute, § 973.06(1)(am), STATS.

■

Whether the trial court correctly interpreted the language of the statute presents a question of law which we review de novo. *See State v. Sostre*, 198 Wis. 2d 409, 414, 542 N.W.2d 774, 776 (1996). The primary goal of statutory construction is to ascertain the legislature's intent, and the first step in the process is to look to the plain language of the statute. *See id.* Where the import of that language is clear and unambiguous, we will not look outside the statute in applying it. *See P.A.K. v. State*, 119 Wis. 2d 871, 878, 350 N.W.2d 677, 681 (1984). However, if the language of the statute is ambiguous, we attempt to ascertain the legislature's intent by the scope, history, context, subject matter and object of the statute. *See id.* at 878, 350 N.W.2d at 681–82. A statute is ambiguous if reasonable persons could disagree as to its meaning. *See id.* at 878–79, 350 N.W.2d at 682.

Section 973.06(1)(am), STATS., provides:

> **(1)** Except as provided in s. 93.20, the costs taxable against the defendant shall consist of the following items and no others:
>
> . . . .

789

(am) Moneys expended by a law enforcement agency *under all of the following conditions*:

1. The agency expended the moneys to purchase a controlled substance or controlled substance analog that was distributed in violation of ch. 961.

2. The moneys were expended in the course of an investigation that resulted in the defendant's conviction.

3. The moneys were used to obtain evidence of the defendant's violation of the law.

4. The agency has not previously been reimbursed or repaid for the expended moneys by the defendant. [Emphasis added.]

This statute details the costs which may be assessed against a convicted defendant. The costs allowed are those denominated in the statute "and no others." *Id.* The issue in this case hinges on the language of § 973.06(1)(am), STATS., which allows as a taxable cost "[m]oneys expended by a law enforcement agency *under all of the following conditions . . . .*" (Emphasis added.) This language may be construed to mean either: (1) that the conditions stated in the ensuing paragraphs one through four are discrete categories any of which, if met, will permit the court to impose costs; or (2) that all of the ensuing conditions must be satisfied before costs may be imposed. The trial court determined that only one of the conditions under para. (1)(am) need exist before costs may be imposed. Neave and the State argue that the trial court's interpretation is incorrect and that all of the conditions must be met. Because the language of § 973.06(1)(am) does not clearly resolve this question, we conclude that the statute is ambiguous. We therefore turn to its legislative history.

The creation of para. (1)(am) of § 973.06, STATS., was proposed by 1995 A.B. 101. The bill states that the act is "**relating to**: reimbursing a law enforcement agency for certain expenses in drug violation investigations." The analysis provided by the Legislative Reference Bureau states: "Current law places limits on the costs that a court may assess against a criminal defendant. . . . This bill specifically requires the court to assess the defendant for moneys spent by a law enforcement agency, in connection with its investigation, to buy a dangerous drug that was illegally distributed."

It is clear from this history that the legislature intended para. (1)(am) to address only the reimbursement of "buy money" and thus, all the conditions set out in one through four must exist before such reimbursement may be assessed as a taxable cost.

■

This reading of para. (1)(am) is further supported by the statutory language pertaining to certain of the other conditions. If construed as separate and distinct requirements, the broad language of conditions two and three would encompass a variety of costs, including the "buy money" which is specifically addressed in condition one. Such a construction would render condition one superfluous and is to be avoided. *See City of Hartford v. Godfrey*, 92 Wis. 2d 815, 820, 286 N.W.2d 10, 13 (Ct. App. 1979) ("It is a maxim of statutory construction that a law should be so construed that no word or clause shall be rendered surplusage."). We conclude that § 973.06(1)(am), STATS., applies only to "buy money" used to purchase drugs during an investigation.

Our holding is supported by the supreme court's decision in *Ferguson*. There, the State argued that lab

expenses fell within § 973.06(1)(c), STATS., which allows expert witness fees as a taxable cost against the defendant. *See Ferguson*, 202 Wis. 2d at 238–39, 549 N.W.2d at 721. The court held that § 973.06(1)(c) does not authorize the assessment of lab expenses against the defendant for testing controlled substances found in his or her possession. *See Ferguson*, 202 Wis. 2d at 235, 549 N.W.2d at 719. Although the *Ferguson* court's discussion was limited to para. (1)(c), it broadly stated that "[t]he legislature did not intend that the lab expenses be paid by another." *See Ferguson*, 202 Wis. 2d at 242, 549 N.W.2d at 722. Nothing in the legislative history of para. (1)(am) supports the trial court's statement that this addition to the statute was designed to limit the *Ferguson* holding.

We reverse the postconviction order which rejected Neave's challenge to the condition of probation directing reimbursement for the cost of the crime lab testing. We vacate this portion of the judgment.

*By the Court.*—Judgment vacated in part; order reversed.