Thomas G. WOODMAN, Appellant,

v.

The WISCONSIN DEPARTMENT OF HEALTH & SOCIAL SERVICES, and the Chippewa County Department of Social Services, Respondents.†

Court of Appeals

*No. 79–1497. Submitted on briefs March 11, 1980.—Decided April 8, 1980.*

(Also reported in 292 N.W.2d 352.)

---

† Petition to review granted.

For the appellant the cause was submitted on the briefs of *Gerhardt F. Getzin* and *Wisconsin Judicare, Inc.,* of Wausau.

For the respondents the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Robert W. Larsen,* assistant attorney general.

Before Donlin, P.J., Foley, J., and Dean, J.

FOLEY, J. Woodman appeals from a judgment that affirmed a decision of the Department of Health and Social Services to terminate his benefits under the Aid to Families with Dependent Children program because he owns two automobiles. Woodman claims that sec. 49.19 (4) (em), Stats., which allows an AFDC family to own only one car, violates both the supremacy and equal protection clauses of the United States Constitution. Because we conclude that sec. 49.19 (4) (em) is a reasonable restriction and does not conflict with federal welfare regulations or deny Woodman's equal protection rights, we affirm.

■

All statutes are presumed to be constitutional, and the party challenging a statute has the burden of proving unconstitutionality beyond a reasonable doubt. *Moedern v. McGinnis,* 70 Wis.2d 1056, 236 N.W.2d 240 (1975). This applies to challenges based both on the supremacy clause and the equal protection clause. The statute under attack here is sec. 49.19 (4) (em), which provides:

The ownership of one vehicle registered under ch. 341 or 350 by an AFDC group may not prevent the granting of aid. Ownership of a 2nd vehicle shall be permitted only if the department determines it is necessary for purposes of employment or to obtain medical care. For purposes of this paragraph and of par. (es), an "AFDC group" consists of those persons listed on the application form for whom aid is being requested.

■

Woodman's first contention is that this statute violates the supremacy clause of art. VI, §2 of the United States Constitution. A state welfare statute violates the supremacy clause when it excludes persons otherwise eligible under federal standards. *Townsend v. Swank,* 404 U.S. 282 (1971). We conclude, however, that federal law authorizes rather than precludes sec. 49.19 (4)

(em). As provided in 45 C.F.R. §233.10(a)(1) (1979), states must specify who will be included in the program and what eligibility requirements must be met. Since this regulation expressly requires states to set eligibility requirements, the federal government obviously did not intend to preclude state regulations in the area of eligibility.

45 C.F.R. §233.10(a)(1)(ii)(B) (1979) gives states the power to impose conditions on applicants in furtherance of state welfare policy as long as the conditions are not inconsistent with the Social Security Act. This is true even if the condition imposed results in the denial of public assistance. The purpose of the AFDC program was to allow needy children to remain with their families and to free single parents from the necessity of working outside the home so they could provide care for their children. *Burns v. Alcala,* 420 U.S. 575 (1975). A purpose of sec. 491.19(4)(em) is to require that a family with limited resources allocate those resources to maximize the amount available for family support. Scarce family funds should not be diverted to vehicles not necessary for parental employment or family medical care. Section 49.19(4)(em) is not, therefore, inconsistent with the provisions and purposes of AFDC and the Social Security Act.

Finally, 45 C.F.R. §233.20(a)(3) (1979) specifically gives states the authority to limit property that may be reserved by an AFDC family. Section 49.19(4)(em) does nothing more than specify that an AFDC recipient can only reserve one automobile. The requirement that an AFDC family own only one registered vehicle is reasonable since each automobile will in its use drain a family's resources. The states have been given the power to regulate what assets can be held by an AFDC family,

and sec. 49.19 (4) (em) is a reasonable exercise of that state power.

Woodman's second argument is that sec. 49.19 (4) (em) violates the equal protection clause of the fourteenth amendment to the United States Constitution because it discriminates against a certain class of AFDC recipients. If the classification has some rational basis, it does not offend the equal protection clause. *Califano v. Aznavorian,* 439 U.S. 170 (1978). A statutory scheme will not be set aside if there is any state of facts to reasonably justify it. *Dandridge v. Williams,* 397 U.S. 471 (1970).

Section 49.19 (4) (em) has a rational basis. When a family has needy children to support, it should not divert assets to an unnecessary second vehicle. An automobile costs money to operate and maintain. There are costs involved in licensing, insurance, repair and maintenance, as well as in the purchase of gasoline and oil. It is reasonable to assume that a family who owns a registered second vehicle will use it. This is precluded by prohibiting ownership. The state has determined that these expenditures are not justified for a family receiving AFDC benefits. Clearly, if the car is not needed for employment or medical reasons, the money could be better spent for the care and feeding of the children.

*By the Court.*—Judgment affirmed.