Urlene LILLY, Petitioner-Appellant,

v.

Wisconsin DEPARTMENT OF HEALTH AND SOCIAL SER-
VICES, Respondent-Respondent.

Court of Appeals

*No. 95–1025–FT. Submitted on briefs July 21, 1995.—Decided
December 19, 1995.*

(Also reported in 543 N.W.2d 548.)

For the petitioner-appellant the cause was submitted on the briefs of *Coral D. Pleas* of *Legal Action of Wisconsin, Inc.* of Milwaukee.

For the respondent-respondent the cause was submitted on the briefs of *Donald P. Johns*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

WEDEMEYER, P.J.   Urlene Lilly appeals from a circuit court order affirming a decision of the Department of Health and Social Services (DHSS), which affirmed the decision of the Milwaukee County Department of Social Services (the county) to terminate her Aid to Families with Dependent Children (AFDC). The county terminated Lilly's AFDC benefits when she failed to submit a completed income worksheet by the county's deadline. Pursuant to this court's order dated May 10, 1995, this case was submitted to the court on the expedited appeals calendar. Because once Lilly submitted the completed form to the county, the county was required to redetermine her benefits pursuant to WIS. ADM. CODE § HSS 201.09(3)(b) & (c), we reverse.

The facts necessary to resolve this appeal are undisputed. Lilly applied for AFDC benefits prior to July 1993, and the county determined that she was eligible for those benefits. On August 6, 1993, the county financial aid worker assigned to Lilly's case provided her with a "Request for Verification Letter." The letter specifically asked Lilly to complete a "Self Employment Income Worksheet" so that it could determine if she was earning income from Akeem

Enterprises, a business owned by her brother-in-law. Lilly was advised that the deadline for returning the form to the county was September 6, 1993.

Lilly failed to return the completed worksheet to the county by the deadline. On September 14, 1993, the county notified Lilly that her AFDC benefits would terminate on October 1, 1993. Lilly failed to provide the county with a completed worksheet in a meeting on September 15, 1993, but she did submit the form on September 23, 1993.[1] The worksheet showed that Lilly received no income from Akeem Enterprises. However, the county declined to redetermine Lilly's benefits after she provided the necessary information, and her benefits were terminated on October 1, 1993.

Lilly appealed the termination of her benefits to DHSS. DHSS held a hearing on October 7, 1993. On October 28, 1993, DHSS affirmed the county's decision, determining that Lilly had failed to provide financial information to the county in a timely manner, and that, as a result, the county had properly terminated her benefits. DHSS did not, however, address whether Lilly's submission of the completed form on September 23, 1993, required a redetermination of her eligibility for benefits.

---

[1] DHSS notes that Lilly testified at the review hearing that she had, in fact, provided the completed form to the county prior to September 5, 1993, and denied having told the financial-aid worker on September 15, 1995 that she had not brought the completed form. DHSS points out that its examiner disbelieved her testimony, and that this court is required to defer to their determinations of witness credibility.

Although we agree that this court must defer to DHSS credibility judgments, given that we decide this appeal on purely legal grounds, DHSS determinations of Lilly's credibility are immaterial.

Lilly sought circuit court review, arguing that she submitted the required financial information prior to the actual termination of her benefits and that once she had done so, DHSS should have redetermined her eligibility for benefits under WISCONSIN ADM. CODE § HSS 201.09(3)(b). WISCONSIN ADM. CODE § HSS 201.09(3) sets forth the circumstances under which an AFDC recipient's eligibility "shall be redetermined." Subsection (b) provides that the recipient's eligibility shall be redetermined "[p]romptly after a report is obtained which indicates changes in the recipient's circumstances that may affect eligibility[.]" The circuit court held that, for Lilly, "[n]o such change" in her circumstances had occurred. The circuit court reasoned:

> [Lilly]'s benefits were terminated not because her income was previously too high and subsequently dropped down. Her benefits were terminated because [she] failed to comply with the verification procedures. Therefore, [Lilly]'s argument must fail.

The circuit court concluded that Lilly would be eligible for redetermination six months from the date of her initial eligibility. *See* WIS. ADM. CODE § HSS 201.09(3)(d) (recipient's eligibility shall be redetermined "within 6 months from the date initial eligibility is determined and every 6 months thereafter").

██

On appeal, Lilly renews her argument that her submission to the county of the completed financial statement on September 23, 1993, was a change in her circumstances that could affect her eligibility such that DHSS was required to redetermine her eligibility for benefits. We agree. We also conclude that the agency should have redetermined her eligibility for benefits under WIS. ADM. CODE § HSS 201.09(3)(c) (a recipient's

733

eligibility "shall be redetermined . . . [a]t any time the agency can justify the need.")

In an appeal involving an administrative agency's decision, this court reviews the decision of the administrative agency, not that of the circuit court. *Wisconsin Pub. Serv. Corp. v. Public Serv. Comm'n*, 156 Wis. 2d 611, 616, 457 N.W.2d 502, 504 (Ct. App. 1990). This court generally defers to an agency's interpretation of its rules, *Pfeiffer v. Board of Regents*, 110 Wis. 2d 146, 155, 328 N.W.2d 279, 283 (1983), but we will not defer to an interpretation that "directly contravenes the words of the statute, is clearly contrary to legislative intent, or is otherwise unreasonable or without rational basis." *Lisney v. LIRC*, 171 Wis. 2d 499, 506, 493 N.W.2d 14, 16 (1992).

We conclude that the administrative agency's refusal to redetermine Lilly's eligibility for benefits after she filed the completed form is without support in the statutes and the administrative regulations, and is without rational basis. The AFDC program is designed to:

> encourag[e] the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial assistance . . . to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection. . . .

734

42 U.S.C. § 601 (1985). As paraphrased by Wisconsin courts, the purpose of the AFDC program is "to allow needy children to remain with their families and to free single parents from the necessity of working outside the home so they could provide care for their children." *Woodman v. DHSS*, 96 Wis. 2d 466, 469, 292 N.W.2d 352, 354 (Ct. App. 1980), *rev'd on other grounds*, 101 Wis. 2d 315, 304 N.W.2d 723 (1981).

Wisconsin's statutory scheme for determining a person's eligibility for AFDC benefits, *see* § 49.19 et seq., STATS., clearly anticipates an applicant's cooperation with the agency in determining financial eligibility. Failure to comply with the agency's fact-finding can be grounds for denial or termination of benefits. *See, e.g.*, WIS. ADM. CODE §§ HSS 201.07 (applicants and recipients shall provide full and correct information to the agency) and 201.08 (failure to provide verification of income, incapacitation, etc., when person has the power to do so will result in denial of benefits).

There appears to be no dispute that the county properly terminated Lilly's benefits when she failed to provide the county with the financial information it had requested in a timely manner. Although Lilly claimed at the hearing that she had, in fact, complied with the agency's requests, we accept for purposes of this appeal the agency's determination that she had not. We agree with DHSS's contention on appeal that the agency clearly has the authority to deny or terminate benefits for an applicant's or recipient's failure to comply with requests for information. Contrary to DHSS's arguments, however, that is not the issue to be resolved here.

When Lilly submitted the completed verification report, her "circumstances that may affect eligibility"

changed within the meaning of WIS. ADM. CODE § HSS 201.09(3)(b). Lilly had lost her eligibility for benefits even though she still apparently qualified for them because she failed to submit the required information. Once she complied with the county's request for financial information, her "circumstances changed" because she had then provided the agency with the information necessary to redetermine her eligibility. Under the plain language of the regulation, the agency was required to redetermine her eligibility "promptly" after the verification material was obtained. This reading of the regulation is consistent with the purpose of AFDC.

Similarly, once Lilly submitted the necessary financial information, the county should have redetermined her eligibility because it could "justify the need" to do so under WIS. ADM. CODE § HSS 201.09(3)(c). Redetermination of Lilly's eligibility was "justified" at that time in order to fulfill the purpose of AFDC to "encourag[e] the care of dependent children in their own homes." 42 U.S.C. § 601 (1985).

As we have already noted, DHSS contends that, under its eligibility rules, if a recipient fails to comply with its requests it can terminate benefits. Again, there is no question but that it can take such action. However, when a recipient subsequently submits the requested information, the agency must then redetermine eligibility under WIS. ADM. CODE § HSS 201.09(3). DHSS points to no regulation or statute—and we are aware of none—to support its suggestion that a recipient's single failure to comply with agency requests authorizes it to continue to deny benefits after the person complies with the request and otherwise establishes his or her eligibility for benefits. Common sense dictates the contrary.

736

*By the Court.*—Order reversed.