STATE of Wisconsin, Plaintiff-Respondent,

v.

Tronnie M. DISMUKE, Defendant-Appellant-Petitioner.

Supreme Court

*No. 99–1734–CR. Oral argument May 31, 2001.—Decided June 28, 2001.*

## 2001 WI 75

(Also reported in 628 N.W.2d 791.)

For the defendant-appellant-petitioner there were briefs and oral argument by *Richard D. Martin*, assistant state public defender.

For the plaintiff-respondent the cause was argued by *David J. Becker*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

¶ 1. DIANE S. SYKES, J. The issue in this case is whether a circuit court may properly impose as costs against a criminal defendant the expenses associated

458

with executing orders to produce the defendant from prison for court appearances in the case. Defendant Tronnie M. Dismuke was on parole when he was charged with armed robbery and possession of a firearm by a felon. His parole was revoked, and he was sent to Dodge Correctional Institution in Waupun, Wisconsin, to begin serving the remainder of his sentence on the parole offense while awaiting trial in Milwaukee County Circuit Court on the two new crimes.

¶ 2. During the intervening 19 or so months, Dismuke was repeatedly transported by Milwaukee County sheriff's deputies from prison in Waupun to the Milwaukee County jail on orders to produce for various court appearances. He was eventually convicted and sentenced to prison, and the circuit court imposed "applicable. . .costs." The judgment of conviction set costs at $957.20; most of this total was attributable to sheriff's department costs for executing the orders to produce.

¶ 3. Dismuke moved for a reduction in the award of costs, contending that the expenses associated with executing the orders to produce were not taxable against him under Wis. Stat. § 973.06(1)(a) (1997–98).[1] He also raised a constitutional challenge to the taxation of these costs. The circuit court denied the motion, and Dismuke appealed. The court of appeals affirmed, concluding that the expenses associated with executing the orders to produce were "fees of officers allowed by law" under Wis. Stat. § 973.06(1)(a), because they were collectible as "sheriff's fees" for service of process under Wis. Stat. § 814.70(1) and (4). The court of appeals also rejected Dismuke's constitutional claims.

---

[1] All subsequent references to the Wisconsin Statutes are to the 1997–98 version unless otherwise indicated.

¶ 4. We reverse. Our decision in *State v. Ferguson*, 202 Wis. 2d 233, 549 N.W.2d 718 (1996) interpreted the term "fees" in a related subsection of the criminal costs statute, Wis. Stat. § 973.06, to include only those sums "ordinarily charged to and payable by another," not internal operating expenses of a governmental unit. The record in this case contains conflicting information and no evidence about whether the expenses associated with executing orders to produce are generally "charged to and payable by another," or are merely internal operating expenses of the Milwaukee County Sheriff's Department. The record is similarly underdeveloped and murky on the specific amounts assessed in this case, and there is no record at all on the constitutional issues. Accordingly, we reverse the court of appeals and remand the cause to the circuit court for further proceedings consistent with this opinion.

I

¶ 5. The record in this case is inadequate in many respects, through no fault of the defendant. We do know that on June 12, 1996, Tronnie M. Dismuke was charged with one count of armed robbery and one count of possession of a firearm by a felon. Dismuke was on parole for another offense at the time the charges were issued. His parole was revoked, and he was transferred to Dodge County Correctional Institution in Waupun, Wisconsin, to begin serving the remainder of his sentence on the parole offense.

¶ 6. While the new case was pending, Dismuke was ordered produced from Dodge to the Milwaukee County jail for various court dates in the case. The

record reflects eight orders to produce.[2] Most of these were for jury trial. The case was repeatedly adjourned, sometimes for reasons attributable to the defendant and sometimes for reasons attributable to the state or the court.

¶ 7. On the reverse side of seven of the eight orders to produce there are notes from the Milwaukee County Sheriff's Department indicating roundtrip mileage costs of $193.20 and a "service" fee of $20, for a total of $213.20. The remaining order only reflects a "service" fee of $20. These sums combine for a total of $1,512,40.

¶ 8. Dismuke's trial began on January 5, 1998, but was halted on its second day when Dismuke agreed to plead guilty to the armed robbery charge. The firearm possession charge was dismissed and "read in" for sentencing purposes. The Milwaukee County Circuit Court, the Honorable Timothy G. Dugan, sentenced Dismuke to 15 years in prison, consecutive to the sentence he was then serving, and also imposed "applicable. . .costs."

¶ 9. The judgment of conviction set costs at $957.20. The record does not reflect the precise factual basis for these costs, but the parties agree that all but $20 of the total is attributable in some way to the orders to produce. (The clerk of circuit court's fee under Wis. Stat. § 814.60(1) is $20.) Assuming this to be true, there is no explanation for the discrepancy between the amount of $937.20 ($957.20 minus the $20 clerk's fee) and the amount of $1,512.40, which is the combined total of the amounts reflected on the orders to produce.

[2] The record shows the following eight orders to produce: September 4, 1996 (Jury Trial); December 16, 1996 (Jury Trial); February 24, 1997 (Jury Trial); March 13, 1997 (Status); August 27, 1997 (Jury trial); December 2, 1997 (Pre-Trial); January 5, 1998 (Jury Trial); February 5, 1998 (Sentencing).

¶ 10. On February 26, 1999, Dismuke moved to reduce the court costs from $957.20 to $20, claiming that only the clerk's fee under Wis. Stat. § 814.60(1) was taxable against him. Dismuke claimed that the expenses associated with executing the eight orders to produce were not taxable court costs under Wis. Stat. § 973.06. He also raised a constitutional challenge to the taxation of these costs.

¶ 11. The circuit court requested a "response from the state and/or county," and established a briefing schedule, which was supposed to conclude with the defendant's reply brief on May 7, 1999. The record contains an April 21, 1999, letter from an attorney in the Milwaukee County Corporation Counsel's office; an April 28, 1999, letter from an accountant in the Criminal Division of the Milwaukee County Clerk of Circuit Court's office; and two letters, dated August 26, 1998, and March 7, 2000, from an accountant in the Milwaukee County Sheriff's office. The state did not respond.

¶ 12. The letters from the various interested county departments offered conflicting explanations about the county's practice regarding orders to produce and the source of the authority to tax expenses related to them as costs in a criminal case. The clerk's office characterized the expenses associated with the orders to produce as bench warrant returns, and noted the discrepancy between the original amount assessed in Dismuke's case and the actual amounts reflected on the orders to produce. The sheriff's department said that it sometimes cross-charged the clerk's office for orders to produce, but only when the order identified the defendant as indigent; otherwise, no one is billed.

¶ 13. The corporation counsel's letter noted the practice of cross-charging a special fund in the clerk's office when the defendant is indigent and the defense

attorney prepares the order to produce rather than the district attorney. However, the letter also stated that "the Sheriff's Department is not routinely reimbursed for transporting prisoners pursuant to an Order to Produce and [the corporation counsel] takes no position on the authority of the criminal judge to assess these costs." The second letter from the sheriff's department said that unless fees are waived by the court, the amounts reflected on the orders to produce are "put in the Case file" and "the Court makes the order for the inmate to pay this fee."

¶ 14. The circuit court denied Dismuke's motion by written order, concluding that, despite the contradictory information from the various county departments, Wis. Stat. § 973.06(1)(a) authorized it to assess the expenses associated with the orders to produce as costs against the defendant, because "the bottom line is that the *county* expended these amounts for the production of the defendant and that the *defendant*, not the *county*, should absorb these charges." In addition, the circuit court noted that the actual amounts reflected on the orders to produce totaled $1,512.40, not $937.20, and therefore ordered the clerk's office to recalculate costs.

¶ 15. Dismuke moved for reconsideration because the court decided the motion before the briefing schedule had expired, before receiving his reply and without an evidentiary hearing, and because the court had ordered an upward amendment to the costs in the judgment without notice. The circuit court denied the motion for reconsideration, but vacated its order requiring recalculation of costs to reflect the higher amount. The circuit court did not address Dismuke's constitutional arguments. Dismuke appealed.

¶ 16. The court of appeals affirmed, noting the muddled record but nonetheless concluding that expenses associated with executing an order to produce were "necessary disbursements and fees of officers" under Wis. Stat. § 973.06(1)(a) because they were collectible "sheriff's fees" under Wis. Stat. § 814.70(1) and (4). *State v. Dismuke*, 2000 WI App 198, ¶¶ 5, 12–13, 238 Wis. 2d 577, 617 N.W.2d 862. The court of appeals found our decision in *Ferguson* inapplicable, but held that, even if the case did apply, the expenses associated with orders to produce would satisfy its interpretation of "fees" under Wis. Stat. § 973.06(1). *Dismuke*, 2000 WI App 198 at ¶¶ 6–23. Finally, the court of appeals rejected Dismuke's equal protection and due process arguments, noting, however, that the circuit court had conducted no factfinding on these issues. *Id.* at ¶¶ 24–29. We accepted review.

## II

¶ 17. Whether expenses associated with orders to produce a defendant from prison for court appearances are costs taxable against the defendant under Wis. Stat. § 973.06 is a question of statutory interpretation that we review *de novo*. *Ferguson*, 202 Wis. 2d at 237. The court of appeals held that the expenses associated with the orders to produce in this case are "fees of officers allowed by law" under Wis. Stat. § 973.06(1)(a) because they are collectible "sheriff's fees" under Wis. Stat. § 814.70(1) and (4).

¶ 18. Wisconsin Statute § 973.06 provides, in pertinent part:

(1) Except as provided in s. 93.20, the costs taxable against the defendant shall consist of the following items and no others:

(a) The necessary disbursements and fees of officers allowed by law and incurred in connection with the arrest, preliminary examination and trial of the defendant, including, in the discretion of the court, the fees and disbursements of the agent appointed to return a defendant from another state or country.

■

¶ 19. We have long held that " 'in this state costs are regulated exclusively by statute as a matter of legislative discretion.' " *Ferguson*, 202 Wis. 2d at 244 (quoting *State ex rel. Korne v. Wolke*, 79 Wis. 2d 22, 24–25, 255 N.W.2d 446 (1977)). In *Ferguson*, we held that costs taxable against a criminal defendant are limited to those specifically enumerated in Wis. Stat. § 973.06. *Id.* at 238. Interpreting another subsection of the statute—Wis. Stat. § 973.06(1)(c) relating to "fees and disbursements" of expert witnesses—we concluded that a "fee" is "a sum which is ordinarily charged to and payable by another." *Id.* at 241. "Disbursements" under the statute are "those incidental and out-of-pocket expenses. . .ordinarily charged to and payable by another." *Id.*

¶ 20. The defendant in *Ferguson* had been ordered to pay $105 to the State Crime Laboratory to cover the cost of testing the controlled substance found in his possession. The State argued that the laboratory expense constituted a "fee or disbursement" of an expert witness under Wis. Stat. § 973.06(1)(c). We rejected the state's interpretation of the statute:

[T]he State contends that because the lab expenses at issue are fixed, they are fees under Wis. Stat. § 973.06(1)(c). We disagree with the State's argument. The fact that the cost of performing a governmental service can be established (fixed) does not *ipso facto* make the cost of performing that service a fee under Wis. Stat. § 973.06(1)(c). To constitute a fee under § 973.06(1)(c), the cost of performing a service must be more than an internal operating expense of a governmental unit which has been prorated or costed out; it must be chargeable to and payable by another.

*Ferguson,* 202 Wis. 2d at 242.

¶ 21. Although we are interpreting a different subsection of the criminal costs statute in this case, *Ferguson*'s interpretation of the phrase "fees and disbursements" for purposes of this statute is applicable. *Ferguson* concerned subsection (1)(c) of the statute, which refers to "fees and disbursements" of expert witnesses; the state here invokes subsection (1)(a) of the statute, which refers to "disbursements and fees of officers." Words or phrases appearing in the same statute are given the same meaning. *State v. Charles,* 180 Wis. 2d 155, 159–60, 509 N.W.2d 85 (Ct. App. 1993).

¶ 22. Accordingly, whether the expenses associated with the orders to produce in Dismuke's case are taxable "fees of officers" under the statute depends upon whether they are ordinarily charged to and payable by another or are merely internal operating expenses of a governmental unit.[3] We cannot resolve this question as a factual matter on the basis of this

---

[3] The state does not contend that these are "disbursements" under the statute.

record, and Wis. Stat. § 814.70 does not resolve it as a matter of law.

¶ 23. Wisconsin Statute § 814.70 specifies that, unless a higher fee is established by the county under Wis. Stat. § 814.705, the sheriff shall collect fees for:

(1) SERVICE OF PROCESS. For each service or attempted service of a summons or any other process for commencement of an action, a writ, an order of injunction, a subpoena or any other order, $12 for each defendant or person.

. . . .

(4) TRAVEL; CRIMINAL PROCESS. For travel in serving any criminal process:

. . . .

(b) In counties having a population of 500,000 or more, $4 for each person served within the county from which process issued, or 25 cents per mile if served outside the county.

(c) The actual and necessary disbursements for board and conveyance of the prisoner.

¶ 24. Assuming that the execution of an order to produce constitutes "service of process" within the meaning of this statute, the record, such as it is, conflicts with the fees allowed under the statute. The statute allows a $12 "service" fee; the orders to produce reflect a $20 "service" fee, also variously called a "warrant" fee by the county departments that responded to the circuit court's request for information.[4] The statute allows mileage at 25 cents per mile; the orders to pro-

---

[4] The court of appeals "assumed" from this discrepancy that Milwaukee County had authorized a higher fee under Wis. Stat. § 814.705, and concluded that it was irrelevant anyway. We make no such assumption, and it is not irrelevant. Without an adequate record on the factual basis for the costs that were

duce reflect roundtrip mileage that apparently calculates to more than 25 cents per mile. The record contains no found facts (because no factfinding was done), only conflicting information from several county departments about the sheriff's internal accounting practices regarding orders to produce.

¶ 25. In short, whether the expenses associated with the orders to produce are "fees of officers allowed by law" within the meaning of Wis. Stat. § 973.06(1)(a) and *Ferguson*, and whether they are collectible as "sheriff's fees" for service of process and travel under Wis. Stat. § 814.70(1) and (4), cannot be determined from this record. The record on the constitutional issues is nonexistent.

■

¶ 26. Accordingly, because of the inadequacies in this record, we hold only that our decision in *Ferguson* applies to the determination of taxable "fees of officers allowed by law" under Wis. Stat. § 973.06(1)(a). This requires a determination of whether the expenses associated with the execution of orders to produce are ordinarily charged to and payable by another or are merely internal operating expenses of a governmental unit. If the former, they are taxable, provided they are "allowed by law," which requires a determination of whether the actual assessments were consistent with Wis. Stat. § 814.70. The constitutional issues in this case cannot be resolved because there is no record upon which to resolve them. Therefore, we reverse the court of appeals and remand this case to the circuit court for further proceedings consistent with this opinion.

taxed we cannot resolve the defendant's statutory or constitutional challenges.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the Milwaukee County Circuit Court.