LUNDSTEN, J.
¶ 1. The dispute in this case arises from a Department of Revenue (DOR) audit which resulted in the assessment of, among other amounts, normal interest on underpaid estimated taxes and delinquent interest on the underpayment interest under Wis. Stat. § 71.84(2)(a) (1997-98)[1] to General Casualty Company of Wisconsin and Regent Insurance Company (the Companies). The Companies petitioned the Tax Appeals Commission for a redetermination of the assessment of delinquent interest. The commission concluded that DOR correctly imposed delinquent interest pursuant to § 71.84(2)(a). The Companies petitioned the circuit court for judicial review. The circuit court reversed the commission. We now reverse the order of the circuit court and affirm the commission.

Background

¶ 2. The parties stipulated to the following facts. In 1990, the Companies were acquired by a third party. As a result of the acquisition, certain intangible assets of the Companies were amortized over various time periods ranging from one to seven years. In 1997, the *200 Internal Revenue Service agreed to a settlement with respect to the amortizable life of the intangible assets, increasing the amortization period to fifteen years. The use of the fifteen-year amortization period created additional federal taxable income, thereby increasing the Companies' Wisconsin tax liability. Subsequent to a DOR field audit, DOR assessed the Companies with additional taxes for the tax years 1990, 1991, 1992, 1993, 1994, and 1995 (the audit period).
¶ 3. The increased tax liability had not been reported on the Companies' filed tax returns during the audit period, and therefore the Companies' estimated tax payments were insufficient for those tax years under Wis. Stat. § 71.29(10). Acting under Wis. Stat. § 71.84(2)(a), for each year in the audit period, DOR assessed normal (12%) interest on the underpaid estimated taxes for the period from when the estimated taxes were due until March 15 of the following year, in addition to other assessments.[2] DOR then imposed delinquent (18%) interest on the underpayment inter *201 est from March 15 of the year following each tax year to October 5, 1999, when the Companies made a final payment to DOR.

Standard of Review

¶ 4. This case concerns the commission's interpretation of a statute. "In an appeal involving an administrative agency's decision, this court reviews the decision of the administrative agency, not that of the circuit court." Lilly v. DHSS, 198 Wis. 2d 729, 734, 543 N.W.2d 548 (Ct. App. 1995). The proper construction of a statute is a question of law, which we normally review de novo. See DeMars v. LaPour, 123 Wis. 2d 366, 370, 366 N.W.2d 891 (1985). While we. defer to statutory interpretations by agencies in certain situations, UFE Inc. v. LIRC, 201 Wis. 2d 274, 284, 548 N.W.2d 57 (1996), an agency's interpretation "is only of significance where there is an ambiguity in the statute." Lincoln Sav. Bank, S.A. v. DOR, 215 Wis. 2d 430, 443, 573 N.W.2d 522 (1998) (citations omitted). Because we conclude that Wis. Stat. § 71.84(2)(a) is unambiguous on its face, we need not determine the level of deference granted to the commission.

Discussion

¶ 5. Under Wis. Stat. § 71.29(2) and (8), corporations must make quarterly estimated tax payments. These estimated tax payments must total at least 90% of the tax owed for the year. Wis. Stat. § 71.29(10). The *202 remaining 10% of the tax is due by March 15 of the following year. Wis. Stat. § 71.24(9)(a).[3]
¶ 6. Under the first sentence of Wis. Stat. § 71.84(2)(a), corporations that fail to make sufficient quarterly estimated tax payments must pay normal interest, at 12%, on underpaid estimated taxes from the time the quarterly payment should have been made to the time payment is made or until March 15 of the following year, whichever is sooner. Where, as here, a corporation fails to pay prior to March 15, two amounts are due: (1) the underpaid taxes themselves, and (2) the normal interest which has accrued on the underpayments as of March 15 (underpayment interest).
¶ 7. When, as in this case, the underpaid estimated taxes and the underpayment interest remain unpaid after March 15, both amounts continue to accrue interest. The last sentence of § 71.84(2)(a), the statutory language at issue here, controls the amount of interest that accrues on the underpayment interest from March 15 to the time the underpayment interest is paid.
*203 ¶ 8. The dispute here centers on the meaning of "return" in the last sentence in § 71.84(2)(a) when that sentence is applied in the context of an audited return. Section 71.84(2)(a) states, in relevant part:
Except as provided in s. 71.29(7), in the case of any underpayment of estimated tax under s. 71.29 or 71.48 there shall be added to the aggregate tax for the taxable year interest at the rate of 12% per year on the amount of the underpayment for the period of the underpayment .... If 90% of the tax shown on the return is not paid by the 15th day of the 3rd month following the close of the taxable year,. .. any interest due .. . shall accrue delinquent interest under s. 71.91(1)(a).
¶ 9. The parties agree that- the last sentence of § 71.84(2)(a) imposes delinquent interest on underpayment interest due according to the filed return, but which goes unpaid. To take an example of this agreement, if a corporation owes $5,000 in underpayment interest according to its filed return, but fails to pay that amount by March 15, the unpaid amount accrues interest at the delinquent interest rate, which is 18%.
¶ 10. The disagreement here concerns what happens if a subsequent audit determines that the underpayment interest is greater than the amount suggested by the filed return. In that situation, DOR contends that the last sentence of § 71.84(2) (a) unambiguously mandates delinquent interest be applied to the underpayment interest, regardless whether that amount is calculated according to the filed return or according to the post-audit tax liability. DOR contends that under §§ 71.29 and 71.84(2)(a), this is true because the amount of underpayment interest is determined by reference to "90% of the tax shown on the return” and the word "return" in this phrase is defined *204 in § 71.29(l)(a) as "a return that would show the tax properly due," not the amount shown on the return as filed. DOR asserts that § 71.84(2) (a) adopts this definition of "return" for purposes of the entire § 71.84(2)(a) subsection. The Companies argue that § 71.84(2)(a) does not adopt § 71.29(1) (a)'s definition of return, and that interest on the underpayment interest after March 15 should accrue at normal interest (12%).
¶ 11. The commission adopted DOR's view that the statutes unambiguously authorize DOR to impose delinquent interest on the underpayment interest. Accordingly, the proper resolution of this dispute requires that we construe the word "return" in the last sentence of§ 71.84(2)(a).
¶ 12. Statutory interpretation begins with the language of the statute. Alberte v. Anew Health Care Servs., Inc., 2000 WI 7, ¶ 10, 232 Wis. 2d 587, 605 N.W.2d 515. Courts do not look at a single, isolated sentence or portion of a sentence, but at the role of the relevant language in the entire statute. Id. A statute is ambiguous if reasonable persons could disagree as to its meaning. State v. Williquette, 129 Wis. 2d 239, 248, 385 N.W.2d 145 (1986). Further, "[e]ven when a statute appears unambiguous on its face, it can be rendered ambiguous by its interaction with and its relation to other statutes." State v. White, 97 Wis. 2d 193, 198, 295 N.W.2d 346 (1980). Only when statutory language is ambiguous may we examine other construction aids such as legislative history, context, and subject matter. State v. Waalen, 130 Wis. 2d 18, 24, 386 N.W.2d 47 (1986).
¶ 13. We agree with DOR that the plain language of § 71.84(2) (a) compels the conclusion that the definition of "return" found in § 71.29 applies to both the first *205 and the last sentences in § 71.84(2)(a). The first sentence of § 71.84(2)(a) imposes normal interest on underpaid estimated tax as determined by § 71.29. Under § 71.29(10), corporations must pay an estimated tax equal to "[n]inety percent of the tax shown on the return. . . ." The term "return" is defined in § 71.29(l)(a) as a "return that would show the tax properly due." Thus, "return" as defined in § 71.29(l)(a) means a return showing the proper amount due, regardless whether the audited amount due is higher than the amount shown on the filed return. The first sentence of § 71.84(2)(a) incorporates by reference the calculations in § 71.29(10) and the definition of "return" used by § 71.29(10). It follows that the first sentence of § 71.84(2)(a) imposes normal interest if a corporation fails to pay "[n]inety percent of the tax shown on the return" prior to March 15, regardless whether the filed return has been modified by an audit.
¶ 14. We now turn to the sentence at issue here, the last sentence of § 71.84(2)(a). That sentence provides, in pertinent part: "If 90% of the tax shown on the return is not paid by the 15th day of the 3rd month following the close of the taxable year,.. . any interest due. . . shall accrue delinquent interest under s. 71.91(l)(a)." There is no reason to define "return" differently in the first sentence of § 71.84(2)(a), which incorporates by reference both the word "return" and its meaning from § 71.29(l)(a), than in the last sentence of the same subsection. The last sentence contains nothing suggesting "return" has a different meaning from that used by incorporation in the first sentence. We see no reason why the rule of construction that "[w]ords or phrases appearing in the same statute are given the *206 same meaning" should not apply here. State v. Dismuke, 2001 WI 75, ¶ 21, 244 Wis. 2d 457, 628 N.W.2d 791.
¶ 15. Our analysis is supported by the fact that the Companies have failed to present a viable alternate interpretation of "return" in the last sentence of § 71.84(2)(a). The Companies admit that the last sentence of § 71.84(2)(a) requires that delinquent interest accrue on underpayment interest due according to the filed return which goes unpaid. At the same time, the Companies contend that the last sentence does not apply to post-audit assessments. The flaw in the Companies' view is that § 71.84(2)(a) provides no support for such an interpretation. As DOR correctly points out, for the Companies' interpretation to be valid, we would have to read the words "unless DOR makes a post-audit assessment," or words to that effect, into the last sentence of § 71.84(2)(a). We cannot rewrite the statute to aid the Companies' alternate interpretation. See A. v. Racine County, 119 Wis. 2d 349, 354, 349 N.W.2d 743 (Ct. App. 1984) ("We have no right or power to amend a statute by the insertion of additional language."); see also State v. Hall, 207 Wis. 2d 54, 82, 557 N.W.2d 778 (1997) ("[CJourts cannot go beyond the province of legitimate construction .. ., and where the meaning is plain, words cannot be read into it or out of it for the purpose of saving one or other possible alternative.").
¶ 16. The Companies argue that DOR's reading of § 71.84(2)(a) conflicts with related statutes. First, they argue that § 71.84(2)(a) contradicts the plain language of § 71.29. The Companies assert that importing the definition of "return" in § 71.29(l)(a) into § 71.84(2)(a) directly contradicts the plain language of § 71.29* because § 71.29(1) expressly limits its definitions to "this section." DOR's interpretation, the Companies contend, conflicts with the plain language *207 of § 71.29(l)(a) by extending the definition of "return" to all of Wis. Stat. ch. 71. We disagree. DOR's interpretation imports § 71.29's definition of "return" into a single subsection and does so because that subsection contains an express cross-reference to § 71.29.[4] See, e.g., State v. Dawson, 195 Wis. 2d 161, 168 n.2, 536 N.W.2d 119 (Ct. App. 1995) (definition from a cross-referenced statute properly used despite language in the cross-referenced statute limiting use of the definition to specified chapters). To.the extent the Companies argue that the cross-reference to § 71.29 does not incorporate all of the special definitions in § 71.29, we have already shown in paragraph 13 how this cross-reference necessarily incorporates the definition of return in § 71.29.
¶ 17. The Companies also argue that DOR's interpretation of the last sentence of § 71.84(2) (a) conflicts with related statutes which control the interest rate on delinquent estimated taxes determined during post-audit assessments. We have thus far been concerned with that portion of the last sentence of § 71.84(2) (a) which imposes interest on underpayment interest. However, the full text of the last sentence reads: "If 90% of the tax shown on the return is not paid by the 15th day of the 3rd month following the close of the taxable year, the difference between that amount and the estimated taxes paid, along with any interest due, shall accrue delinquent interest under s. 71.91(l)(a)." Wis. Stat. § 71.84(2)(a) (emphasis added). The Companies *208 assert that if this sentence is read as suggested by DOR, then DOR has the authority to impose delinquent interest not only on underpayment interest, but also on unpaid taxes. The Companies contend that such a reading is in conflict with Wis. Stat. §§ 71.24(9)(b) and 71.74(12), which direct that such unpaid taxes accrue normal interest until a specified date following an audit.
¶ 18. However, DOR has not imposed delinquent interest on the Companies' unpaid taxes, and we are not faced with the conflict suggested by the Companies. The portion of the last sentence of § 71.84(2) (a) with which we deal here is severable from the language the Companies assert creates a conflict. The Companies do not assert that the phrase "along with" in § 71.84(2) (a) creates an unbreakable link between "the difference between that amount and the estimated taxes paid" and "any interest due." Nor should they, as nothing in the above-quoted language prevents delinquent interest from being imposed on underpayment interest without also imposing delinquent interest on unpaid taxes. "If a statute consists of separable parts and the offending portions can be eliminated and still leave provisions capable of being carried out, the valid portions must stand." City of Waukesha v. Town Bd., 198 Wis. 2d 592, 607, 543 N.W.2d 515 (Ct. App. 1995). Applying this rule of statutory construction here, we assume without deciding that the Companies have identified an unacceptable conflict that renders a portion of the last sentence of § 71.84(2)(a) invalid and let stand the valid portion of the statute imposing delinquent interest on underpayment interest.
¶ 19. Both parties present extensive legislative history and public policy arguments. We do not address *209 these arguments because we have concluded that the language of the statute is plain, and we are bound by unambiguous statutory language unless such an interpretation leads to "absurd results," something the Companies do not assert. See South Milwaukee Sav. Bank v. Barczak, 229 Wis. 2d 521, 536-37, 600 N.W.2d 205 (Ct. App. 1999) ("Ordinarily a court 'must apply statutes as they are written, unless to do so would lead to an absurd result that did not reflect the legislature's intent.' " (quoting State v. Young, 180 Wis. 2d 700, 704, 511 N.W.2d 309 (Ct. App. 1993))). In addition, we note that the circuit court relied heavily on William Wrigley, Jr., Co. v. DOR, 176 Wis. 2d 795, 500 N.W.2d 667 (1993), in reaching its decision. However, Wrigley is inapplicable to the facts in this case because Wrigley did not construe the statutory language at issue here. Furthermore, to the extent Wrigley involved policy considerations and legislative history, it did so in the context of construing an ambiguous statute, something we do not confront.

Conclusion

¶ 20. We conclude that the plain language of Wis. Stat. § 71.84(2)(a) authorizes DOR to impose delinquent interest on underpayment interest. Therefore, the last sentence of § 71.84(2) (a) imposes delinquent interest on underpayment interest after March 15 even if the filed return has been modified by an audit. Accordingly, we reverse the order of the circuit court and affirm the decision of the commission.
By the Court. — Order reversed.

 All references to the Wisconsin Statutes are to the 1997-98 version unless otherwise noted. Both parties point to and ask us to interpret this version of the statutes. Neither suggests that any previous statutory change affects this appeal. We accept that apparent agreement and do not address whether any prior version of the statutes would dictate a different result.

 WISCONSIN Stat. § 71.84(2)(a) reads, in its entirety:
Except as provided in s. 71.29(7), in the case of any underpayment of estimated tax under s. 71.29 or 71.48 there shall be added to the aggregate tax for the taxable year interest at the rate of 12% per year on the amount of the underpayment for the period of the underpayment. For corporations, except as provided in par. (b), "period of the underpayment" means the time period from the due date of the instalment until either the 15th day of the 3rd month beginning after the end of the taxable year or the date of payment, whichever is earlier. If 90% of the tax shown on the return is not paid by the 15th day of the 3rd month following the close of the taxable year, the difference between that amount and the estimated taxes paid, along with any interest due, shall accrue delinquent interest under s. 71.91(l)(a).

 WISCONSIN Stat. § 71.24(9)(a) reads: "Corporation franchise and income taxes not paid on or before the 15th day of the 3rd month following the close of the taxable year shall be deemed delinquent." For each year in the audit period, the Companies' tax year ended on December 31. Thus, for simplicity, we refer to March 15 as the date that all outstanding taxes were due in full.

 We acknowledge that, in a single sentence in its brief, DOR suggests that § 71.29's definition of return could be imported into all of Wis. Stat. ch. 71. However, we read the main thrust of DOR's argument to be that § 71.84(2)(a) incorporates § 71.29's definition of return, and our only concern here is with this specific subsection.